**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CESAR MARTINEZ-RIVERA, | No.   16-70176 |
| Petitioner, | Agency No. A075-279-301 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2022**

Before:     SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Julio Cesar Martinez-Rivera, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The record does not compel the conclusion that Martinez-Rivera established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(2), (4)-(5). Thus, Martinez-Rivera's asylum claim fails.

Substantial evidence supports the agency's determination that Martinez-Rivera failed to establish he was or would be persecuted on account of a political opinion or his membership in a particular social group. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (political opinion claim rejected where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals or that the gang imputed a particular political belief to the petitioner); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Martinez-Rivera's withholding of removal claim fails.

Martinez-Rivera does not contest, and therefore waives, the BIA's determination that he did not challenge the IJ's denial of his CAT claim. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**